THE COURT refused the order to go in evidence to the jury, because it was not stamped.

They also instructed the jury that the plaintiffs could not recover on the defendant's promise, unless he had signed a note in writing promising to pay, etc., that its being a conditional promise did not take it out of the statute of frauds, and that the entry in the defendant's books was not a sufficient note in writing to charge the defendant.

They refused to instruct the jury that, if at the time of the promise the defendant was indebted to Bryan in a sum equal to the plaintiffs' claim, the evidence was applicable to the count for money had and received.

KILTY, C. J., absent.

---

### TERRIBLE MIN. CO. v. ARGENTINE MIN. CO.[1]

#### (Circuit Court, D. Colorado.   November, 1883.)

1. MINES—LOCATION—DISCOVERY SHAFT.
   A valid location of a mining claim must show in the discovery shaft a vein or lode of valuable ore in rock in place.

2. SAME.
   If a miner, after sinking a shaft, fails to find a lode, and then sinks another shaft, in which he does find one, he may make the latter his discovery shaft, on which location may be based.

3. SAME.
   A location is not valid beyond the limits of the lode on which the discovery is based.

Action by the Terrible Mining Company against the Argentine Mining Company.

HALLETT, District Judge (orally).   That the plaintiff bringing his action to recover possession of a mining claim, must show a good location in compliance with the statute in respect to locations; i. e.: he must show in his discovery shaft a vein or lode of valuable ore, in rock in place, as well as compliance with the statute in other regards.   The miner is not bound to make the first shaft or opening which he may sink, his discovery shaft.   If, after sinking in one place, and failing to find a lode, he sinks in another, and finds one, he may make the second his discovery shaft, on which location may be based. That it is competent for him to make any shaft he may sink his discovery shaft, but it must disclose a lode or vein in rock in place, not simply mineral in a fragmentary condition.   A location is held valid only to the extent of the lode which is included within it.   If a location is extended beyond the limits of the lode, in so far as it goes beyond the lode it is held invalid, for the reason that the location gives no right to the surface, except in connection with the lode.

[1] This case has been heretofore reported in 5 McCrary, 639, and is now published in this series, so as to include therein all circuit and district court cases elsewhere reported which have been inadvertently omitted from the Federal Reporter.